UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HUNG THIEN NGUYEN, <br><br> Petitioner, <br><br> v. <br><br> TODD LYONS, ACTING DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; PATRICIA HYDE, ACTING BOSTON FIELD OFFICE DIRECTOR, MICHAEL NESSINGER, WARDEN, DONALD W. WYATT DETENTION FACILITY, <br><br> Respondents. | C.A. No. 25-cv-631-MSM-PAS |

ORDER

Before the Court is Petitioner Hung Thien Nguyen's Petition for a Writ of Habeas Corpus. (ECF No. 1). Mr. Nguyen has been held for approximately three months at the Donald W. Wyatt Detention Facility. *See* ECF No. 1 at 5. Mr. Nguyen argues that he is being unlawfully detained under "Section 241(a)(6) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(a)(6), its implementing regulations 8 C.F.R. §§ 241.13-14, and the Fifth Amendment. (ECF No. 1 ¶¶ 35–41.) For the following reasons, the Court GRANTS Mr. Nguyen's Petition and orders his immediate release.

1

## I.  BACKGROUND

In 1989, Mr. Nguyen immigrated to the United States from Vietnam. (ECF No. 6 at 3.) During his first decade in the U.S., he struggled with substance abuse and had several interactions with law enforcement that resulted in his incarceration. *Id.* During that time the Immigration and Naturalization Service ("INS") began removal proceedings in October 2000 and detained Mr. Nguyen in April 2001 as part of those proceedings.[1] *Id.* Although diplomatic relations had been re-established between the United States and Vietnam in 1995, there was no repatriation agreement in effect in 2000. (ECF No. 5 at 2.) The INS attempted to repatriate Nguyen to Vietnam, but the Socialist Republic of Vietnam declined to accept him. *Id.* In January 2002, Mr. Nguyen was released under an administrative order of supervision. (ECF No. 6 at 4.)

In 2008, the United States and Vietnam signed a Memorandum of Understanding regarding repatriation ("2008 MOU"), but Vietnam agreed to repatriate only nationals who arrived in the United States after diplomatic recognition was established in 1995. (ECF No. 5 at 2.) Mr. Nguyen could not be removed under the 2008 MOU. In November 2020, the United States and Vietnam executed a repatriation agreement through a new Memorandum of Understanding

---

[1] The United States Immigration and Naturalization Service ("INS") was a United States federal government agency disbanded on March 1, 2003, by the Homeland Security Act of 2002 and whose functions were largely distributed to U.S. Citizenship and Immigration Services ("USCIS"), Immigration and Customs Enforcement ("ICE"), and Customs and Border Protection ("CBP").

which created a process of removal for pre-1995 arrivals ("2020 MOU"). (ECF No. 5 at 2.)

Mr. Nguyen has complied with his order of supervision for nearly two decades. (ECF No. 6 at 4 n.3.) ICE notified Mr. Nguyen that he had to report in-person on October 16, 2025, for a regular supervisory check-in with the agency. (ECF No. 6 at 5.) When he appeared, ICE revoked his order of supervision and took him into custody. ICE produced a Notice of Revocation of Release ("Notice"), which notified Mr. Nguyen that the "decision has been made based on a review of your official alien file and a determination that there are changed circumstances in your case." (ECF No. 6-1 at 28.) According to the Notice, the "determination" of "changed circumstances" was based on two precursor determinations: that (1) "ICE [had] determined that [Mr. Nguyen] can be removed from the United States pursuant to the outstanding order of removal" and (2) "that the purposes of [Mr. Nguyen's] release [had] been [served] and it is appropriate to enforce the removal order." *Id.*

## II.    STANDARD OF REVIEW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or

3

federal law. 28 U.S.C. § 2241(c)(3). Section 2241 habeas corpus proceedings provide a forum for statutory and constitutional challenges to post-removal detention. *Jimenez v. Cronen*, 317 F. Supp. 3d 626, 636 (D. Mass. 2018) (citing *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001)). Mr. Nguyen submitted this petition for habeas relief on November 26, 2025. (ECF No. 1.)

### III. DISCUSSION

As Respondents note, "ICE has issued Post-Order Custody Regulations ("POCR") contained at 8 C.F.R. §241.4 and 8 C.F.R. § 241.13 to set forth procedures concerning custody reviews, release from ICE custody, and revocation of release for individuals with final orders of removal." (ECF No. 5 at 4.) These regulations were promulgated shortly after *Zadvydas*, aligning INS's policies with the decision's limitations on noncitizen detentions. 533 U.S. at 699–700; Continued Detention of Aliens Subject to Final Orders of Removal, 66 Fed. Reg. 56967, 56967-70 (Interim Rule Nov. 14, 2001) ("In light of the Supreme Court's decision in *Zadvydas*, this rule revises the Department's regulations by adding a new 8 CFR 241.13, governing certain aspects of the custody determination of a detained alien after the expiration of the removal period.") "ICE, like any agency, 'has the duty to follow its own federal regulations.'" *Rombot v. Souza*, 296 F. Supp. 3d 383, 388 (D. Mass. 2017) (quoting *Haoud v. Ashcroft*, 350 F.3d 201, 205 (1st Cir. 2003)); *Fed. Defs. of New York, Inc. v. Fed. Bureau of Prisons*, 954 F.3d 118, 130 (2d Cir. 2020) ("[U]nder deeply rooted principles of administrative law, not to mention common sense, government agencies are generally required to follow their own regulations.").

Once a noncitizen is released, 8 C.F.R. § 241.13(i) provides the circumstances and procedures for revocation of release. As referenced in the Notice and as required by 8 C.F.R. § 241.13(i)(3), ICE must "conduct an initial informal interview promptly after his or her return to [ICE] custody to afford the [non-citizen] an opportunity to respond to the reasons for revocation" stated in the notification.[2] *See Nguyen v. Charles*, No. 1:25-CV-01592-TLN-CSK, 2025 WL 3492117, at *4 (E.D. Cal. Dec. 4, 2025). All parties recognize that § 241.13(i)(2) applies to Mr. Nguyen. (ECF No. 5 at 4.)

Respondents' argument that Mr. Nguyen's claim "is raised prematurely under the *Zadvydas*-framework," (ECF No. 5 at 8–14), "misses the mark." *Nguyen v. Hyde*, 788 F. Supp. 3d 144, 149 (D. Mass. 2025).[3] This case is not about the ability to detain in the first instance, as was the case in *Zadvydas*, but the ability to "*re-detain* Mr. Nguyen after he was issued a final order of removal, detained, and subsequently released." *See id.* (emphasis original); *Hall v. Nessinger*, No. 25-CV-667-JJM-PAS, 2026 WL 18583, at *6 (D.R.I. Jan. 2, 2026).

The First Circuit has set forth the circumstances under which ICE may re-detain a person like Mr. Nguyen. *Kong v. United States*, 62 F.4th 608, 619–20 (1st Cir. 2023) (citing 8 C.F.R. § 241.13(i)(2)). A noncitizen granted supervised release is

---

[2] It is unclear from the record whether this initial interview or any other interview has occurred as of this writing.

[3] Further, Mr. Nguyen's detention would not be presumptively reasonable under *Zadvydas* as he has been held cumulatively for more than six months. *Hall*, 2026 WL 18583 at *6 (finding detention periods to be cumulative); *Siguenza v. Moniz*, No. 25-CV-11914-ADB, 2025 WL 2734704, at *3 (D. Mass. Sept. 25, 2025) (collecting cases).

5

"governed by ICE's own regulation requiring (1) an individualized determination (2) by ICE that, (3) based on changed circumstances, (4) removal has become significantly likely in the reasonably foreseeable future." *Id.* ICE is tasked with making "the required individualized finding" of the reasonably foreseeable removal. *See id.* at 620.

Here, ICE's stated change of circumstances for re-detaining Mr. Nguyen is that (1) "ICE [had] determined that [Mr. Nguyen] can be removed from the United States pursuant to the outstanding order of removal" and (2) "that the purposes of [Mr. Nguyen's] release [had] been [served] and it is appropriate to enforce the removal order." (ECF No. 6-1 at 28.) This circular reasoning that the change of circumstances is that ICE has determined there is a change of circumstances, without noting what those circumstances are, cannot meet the basic burden imposed by ICE's own regulations.

The changes in circumstances that Respondents raise here: the 2020 MOU and that other pre-1995 Vietnamese immigrants have been removed are not provided for in the Notice. Respondents concede that in *Nguyen v. Hyde*, the Massachusetts district court concluded that "the 2020 MOU alone is not enough to show ICE has met their burden under 8 C.F.R. § 241.13(i)(2)." 788 F. Supp. 3d 144, 150 (D. Mass. 2025). Still, the government has detained a noncitizen under exactly the same reasoning as that which was disallowed in *Nguyen* and have disregarded *Kong*. Instead, they cite to U.S. District Courts in other circuits. (ECF No. 5 at 6–7) (citing *Nguyen v. Noem*, 797 F. Supp. 3d 651, 665 (N.D. Tex. 2025); *Tran v. Baker*, No. 1:25-CV-01598-JRR,

6

2025 WL 2085020, at *4 (D. Md. July 24, 2025), *corrected*, No. 1:25-CV-01598-JRR, 2025 WL 2087124 (D. Md. July 24, 2025)).

In *Nguyen v. Noem*, the Texas district court expressly considered *Kong* and its "persuasive authority" but stated that it was "not binding upon [that] court" before reaching a different conclusion. 797 F. Supp. 3d 651, 665 (N.D. Tex. 2025). But this Court "is bound by the precedent established by the Court of Appeals of its Circuit and not the opinions of sister district courts in other Circuits." *Anthony v. JetDirect Aviation, Inc.*, 725 F. Supp. 2d 249, 254 n.10 (D. Mass. 2010).)

Therefore, following *Kong* and reviewing ICE's stated change of circumstances, this Court, like district courts across the country, finds Respondents' arguments that ICE has made an "individualized" determination," "based on changed circumstances" that "removal has become significantly likely in the reasonably foreseeable future" unconvincing. *See Hoac v. Becerra*, No. 2:25-CV-01740-DC-JDP, 2025 WL 1993771, at *4–5 (E.D. Cal. July 16, 2025) (rejecting the assertion that a change in circumstances exists because there is a pending updated travel document request, the 2020 treaty MOU with Vietnam, or the fact that there are removals to Vietnam of pre-1995 immigrants); *Nguyen v. Hyde*, 788 F. Supp. 3d at 149–52 (same); *Roble v. Bondi*, No. 25-CV-3196 (LMP/LIB), 2025 WL 2443453, at *4–5 (D. Minn. Aug. 25, 2025) (finding ICE's argument that its efforts to remove a noncitizen constituted changed circumstances, falling "woefully short"); *Hernandez Escalante v. Noem*, No. 9:25-cv-00182-MJT, 2025 WL 2206113, at *3–4 (E.D. Tex. Aug. 2, 2025) (finding "conclusory statements that [ICE] are taking steps to remove Petitioner" as

7

insufficient to show a significant likelihood that removal will occur in the reasonably foreseeable future); *Sun v. Noem*, No. 3:25-CV-02433-CAB-MMP, 2025 WL 2800037, at *3 (S.D. Cal. Sept. 30, 2025) (same).

Respondents argue that this case is distinguishable from *Nguyen v. Hyde* because ICE is in fact removing pre-1995 Vietnamese citizens and because they are in the process of preparing travel documents for Mr. Nguyen. (ECF No. 5 at 7–8). The Massachusetts district court in *Nguyen v. Hyde* rejected both arguments that Respondents raise to distinguish this case. The only difference is that here, ICE identified how many of the removals are pre-1995 refugees. The citation of the travel documents obtained for pre-1995 immigrants or of the number of removals of such immigrants still does not provide the Court with meaningful statistics without any reference to their relevance to Mr. Nguyen's individual case or even to the number of travel document requests submitted and the number of attempted removals. Simply stated, the successful removal of other noncitizens does not eliminate the need for ICE to consider the individual circumstances of each noncitizen and of the individual characteristics of their removal process. *See* 8 C.F.R. § 241.13(i)(3).

Preparing to change circumstances is different from "changed circumstances." "[T]hese kind of vague assertions—akin to promising the check is in the mail— insufficient to meet ICE's own requirement to show 'changed circumstances' or 'a significant likelihood that the alien may be removed in the reasonably foreseeable future.'" *Sun*, 2025 WL 2800037 at *2. Respondents again do not claim any individualized findings as to how or why Petitioner may be removed in the

"reasonably foreseeable future." *See Nguyen v. Scott*, 796 F. Supp. 3d 703, 726 (W.D. Wash. 2025). The fact that Respondents are making efforts to process documents does not shed light on any eligibility details specific to Mr. Nguyen. The Respondents have presented nothing from which this Court can even begin to estimate the length of time the document processing may take. *See, e.g.*, *Hoac*, 2025 WL 1993771, at *4; *Nguyen v. Scott*, 796 F. Supp. at 726; *Vu v. Noem*, No. 1:25-CV-01366-KES-SKO (HC), 2025 WL 3114341, at *6 (E.D. Cal. Nov. 6, 2025). Nor is there any certainty that Mr. Nguyen's documents will be successfully processed or that any process will occur within 30 days or in the coming months. Vietnam retains full discretion of whether to accept Mr. Nguyen removal. *See Nguyen v. Hyde*, 788 F. Supp. at 151; *Phan v. Beccerra*, No. 2:25-CV-01757-DC-JDP, 2025 WL 1993735, at *4–5 (E.D. Cal. July 16, 2025); ECF No. 6-3 ¶¶ 7–13 (noting immigration attorney's experience with the substantial vetting of pre-1995 immigrants, informal silent denials, and processing of four to seven months for successful pre-1995 applicants.)

Respondents are of course free to request Mr. Nguyen's cooperation with ICE's investigatory or documentation efforts or to re-detain him for violating the conditions of his supervised release. 8 C.F.R. § 241.13(i)(1). Should changed circumstances arise such that Mr. Nguyen's travel documents are successfully processed, and his removal has become significantly likely in the reasonably foreseeable future, then Respondents may re-detain Mr. Nguyen. However, the government is not free to ignore their own regulations or the Fifth Amendment due process protections in order

to re-detain Mr. Nguyen while they are simply waiting for "ICE to determine whether a travel document is approved." (ECF No. 5 at 14.)

This Court finds that Respondents have re-detained Mr. Nguyen in violation of 8 C.F.R. § 241.13(i)(2) by failing to make an individualized determination that legitimate "changed circumstances" have occurred and that there is a "significant likelihood that [Mr. Nguyen] may be removed in the reasonably foreseeable future." ICE's own immigration regulation was promulgated to protect a fundamental right derived from the Constitution. *Rombot*, 296 F. Supp. 3d at 388. "Freedom from imprisonment lies at the heart of the liberty protected by the Due Process Clause." *Zadvydas*, 533 U.S. at 690. "Noncitizens, even those subject to a final removal order, have constitutional rights just like everyone else in the United States." *Ceesay v. Kurzdorfer*, 781 F. Supp. 3d 137, 144 (W.D.N.Y. 2025).

## IV.  CONCLUSION

The Court GRANTS Mr. Nguyen's habeas petition. (ECF No. 1.) The Court ORDERS Petitioner to be released from detention immediately, subject to the conditions in his preexisting Order of Supervision.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

January 16, 2026