UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

HUNG THIEN NGUYEN,      :
            :
    Petitioner,     :
            :
    v.        :   C.A. No. 25-631MSM
            :
TODD LYONS,       :
Acting Director, U.S. Immigration and :
Customs Enforcement, *et al.*,   :
            :
    Respondents.   :

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

On November 26, 2025, Petitioner Hung Thien Nguyen filed a habeas petition pursuant to 28 U.S.C. § 2241 challenging his re-detention (following many years of release and compliance with supervision) by U.S. Immigration and Customs Enforcement ("ICE") because ICE ignored the applicable regulation [8 C.F.R. § 241.13], which requires an "individualized determination" that, based on changed circumstances, removal had become significantly likely in the reasonably foreseeable future. Kong v. United States, 62 F.4th 608, 619-20 (1st Cir. 2023). In reliance on Kong, the controlling decision of the First Circuit Court of Appeals, and guided by persuasive authority from another district court in this Circuit and the majority of cases outside this Circuit, the Court granted the petition based on the finding that Petitioner's continuing detention was contrary to law because Respondents had failed to make the required-by-law individualized determination that legitimate "changed circumstances" had occurred and that there is a "significant likelihood that [Mr. Nguyen] may be removed in the reasonably foreseeable future." Nguyen v. Lyons, C.A. No. 25-cv-631-MSM-PAS, 2026 WL 125093, at *4-5 (D.R.I. Jan. 16, 2026) (internal quotation marks omitted). The Court rejected Respondents'

arguments that re-detention was appropriate because they rested entirely on an out-of-circuit district court decision that had expressly rejected Kong, as well as on out-of-circuit decisions that did not follow Kong.  Nguyen, 2026 WL 125043, at *3.  Respondents concede that Kong is the controlling precedent in this Circuit.  ECF No. 18 at 6.

As prevailing party, Petitioner has now filed an application for an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  ECF No. 14. Respondents oppose the application for two reasons; first, they contend this habeas proceeding does not constitute a "civil action," which is a statutory prerequisite for EAJA fees, so that the United States is protected by sovereign immunity from paying Petitioner's EAJA fees and costs; and second, they argue that the position taken in opposing the petition was "substantially justified."  ECF No. 18 at 1.  Respondents do not dispute that Petitioner is the prevailing party, that his personal financial circumstances are such that he qualifies for EAJA fees, or that the time and hourly rate sought by Petitioner are reasonable and consistent with applicable law.

Appropriately supported by declarations from Petitioner and his counsel, together with time sheets and the consumer price index information required to calculate the fee, Petitioner's EAJA application asks the Court for an award of $14,573 in attorney's fees and $5 in costs, for a total award of $14,578.  ECF Nos. 14, 14-1-14-5.  The EAJA fee/cost application has been referred to me for determination.  See 28 U.S.C. § 636(b)(1)(A).

## I.    Standard of Review and Applicable Law

The EAJA provides that:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  A district court's determinations under the EAJA are based on the exercise of discretion.  Michel v. Mayorkas, 68 F.4th 74, 78 (1st Cir. 2023).  There is an abuse of discretion "when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the [district] court makes a serious mistake in weighing them."  Casa Marie Hogar Geriatrico, Inc. v. Rivera-Santos, 38 F.3d 615, 618 (1st Cir. 1994) (internal quotation marks omitted).  EAJA fees are an exception to the "general principle [that] each party before the court is usually responsible for its own attorney's fees."  Michel, 68 F.4th at 78.  The EAJA's "purpose is to ensure that certain individuals . . . will not be deterred from seeking review of, or defending against, unjustified governmental action because of the expense involved."  Id. (internal quotation marks omitted).  "Not only is the EAJA a fee shifting statute, but it is also a waiver of the government's sovereign immunity and so must be construed strictly in favor of the government."  Id. (internal quotation marks omitted).

**II.     This Habeas Proceeding is a "Civil Action" as to Which the United States Has Waived Sovereign Immunity For Purposes of EAJA Fees and Costs**

Respondents contend that the sovereign immunity of the United States precludes an award under the EAJA in this case because a habeas proceeding is not a civil action as the term is used in 28 U.S.C. § 2412(d)(1)(A).  They admit that, since the EAJA was passed by Congress in 1980, the Supreme Court has never adopted this position; rather, it has deployed the common convention[1] of referring to standalone habeas proceedings as "civil actions," albeit noting in pre-EAJA decisions that the label is gross and inexact and does not automatically subject habeas proceedings to all the rules governing ordinary civil actions.  See Banister v. Davis, 590 U.S.

---

[1] The ubiquity of this convention is illustrated by the case numbering system used by this Court – that is, the case number for this case labels it as "CV," a civil action.

3

504, 507 (2020) ("[h]abeas proceedings . . . are civil in nature"); Zadvydas v. Davis, 533 U.S. 678, 690 (2001) (habeas "proceedings . . . are civil"); Browder v. Dir., Dep't of Corr. of Ill., 434 U.S. 257, 269 (1978) ("habeas corpus is a civil proceeding"); see Stafford v. Briggs, 444 U.S. 527, 542-43 (1980) (in context of venue statute, rejecting "overbroad interpretation" of "civil action" that would have encompassed habeas proceedings); Schlanger v. Seamans, 401 U.S. 487, 490 n.4 (1971) (habeas corpus is technically "civil," but is not automatically subject to "all the rules governing ordinary civil actions"); Harris v. Nelson, 394 U.S. 286, 293-94 (1969) (while habeas petitions are categorized as civil, "the label is gross and inexact" in that habeas proceedings are unique).  Respondents concede that only two Circuits, the Fourth and the Fifth, have adopted the view they expound.  See Obando-Seguro v. Garland, 999 F.3d 190, 191 (4th Cir. 2021) (EAJA does not apply to "habeas proceedings seeking release from civil detention"); Barco v. Witte, 65 F.4th 782, 785 (5th Cir. 2023) ("[s]ince a habeas corpus proceeding is neither a wholly criminal nor a wholly civil action, but rather a hybrid action that is unique . . . it is not purely a civil action, and the EAJA does not authorize attorney's fees") (internal quotation marks omitted).

The Court finds far more persuasive the holding of the majority of Circuits that a habeas proceeding is a civil action for purposes of EAJA fees and costs.  See Michelin v. Warden Moshannon Valley Corr. Ctr., 169 F.4th 418, 422 (3d Cir.) ("a petition for a writ of habeas corpus from immigration detention under § 2241 is an EAJA 'civil action'"), denying rehearing and rehearing en banc, 169 F.4th 160 (3d Cir. 2026); Daley v. Ceja, 158 F.4th 1152, 1162 (10th Cir. 2025) ("habeas actions challenging immigration detention are unambiguously 'civil actions'" under the EAJA); Vacchio v. Ashcroft, 404 F.3d 663, 669 (2d Cir. 2005) (concluding that the EAJA applies to habeas petitions, resorting to "the legislative history of the EAJA" to

4

resolve admitted "ambiguity of the term 'civil action[]'"); In re Hill, 775 F.2d 1037, 1040-41 (9th Cir. 1985) (holding that the EAJA applies to habeas petitions). And as far as the Court can discern, every district court in our Circuit that has considered the question has adopted this holding. E.g., Ndongala v. Wesling, Civil Action No. 26-cv-10194-ADB, 2026 WL 1534981, at *1 (D. Mass. June 1, 2026) ("habeas petitions are civil actions within the meaning of the EAJA"; collecting cases); Peruano v. Wesling, -- F. Supp. 3d --, 2026 WL 1413758, at *12 (D. Mass. May 20, 2026) ("[I]t is well settled that habeas corpus is a civil proceeding.") (internal quotation marks omitted); Orrego Orrego v. Hyde, Civil Action No. 26-10260-BEM, 2026 WL 1480362, at *1-2 (D. Mass. May 27, 2026) (court is "persuaded by the majority approach as articulated by the Third and Tenth Circuits and concludes that habeas actions are civil actions for the purposes of EAJA"); Bernardo-Rodrigues v. Hyde, No. 2:25-cv-00553-LEW, 2026 WL 370863, at *1 (D. Me. Feb. 10, 2026) (EAJA fees and costs may be awarded to prevailing party in habeas proceeding because it amounts to civil action), appeal docketed, No. 26-1375 (1st Cir. Apr. 9, 2026). The analysis in Bernardo-Rodrigues is instructive:

> Through a civil habeas petition, an individual in custody on civil process challenges the lawfulness of their detention through an adversarial civil proceeding. Such a proceeding typically, as here, is brought to secure the vindication of rights due to civil and administrative matters separately instituted by the Federal Government through agency action. In this light, an EAJA award is appropriate for civil habeas petitioners who prevail because, in reference to the requirements of the EAJA, their petitions institute on the Court's docket civil rather than criminal actions that do not sound in tort and seek judicial review of agency action. 28 U.S.C. § 2412(d)(1)(A). In effect, "[t]raditional interpretive tools can be used to understand that the term 'any civil action' under the EAJA includes immigration habeas proceedings." Arias v. Choate, No. 1:22-cv-02238, 2023 WL 4488890, at *3 (D. Colo. July 12, 2023) (following persuasive circuit precedent).

Id. Thus, the court held in Peruano: "the EAJA unambiguously applies to habeas challenges to immigration detention." 2026 WL 1413758, at *12 (quoting Michelin, 169 F.4th at 432).

5

Further, to the extent that our Circuit Court has approached the issue, it considered whether to award EAJA fees in a habeas case on the merits in Saysana v. Gillen, 614 F.3d 1 (1st Cir. 2010), yet did not hold that the United States' sovereign immunity would bar such an award.

Based on the foregoing, the Court finds that the United States has waived sovereign immunity as to EAJA fees and costs in § 2241 habeas corpus proceedings like this one because, for this purpose, this proceeding constitutes a "civil action" as the term is used in 28 U.S.C. § 2412(d)(1)(A).

**III.    Respondents Have Not Demonstrated that They Were Substantially Justified in their Position**

Respondents may avoid the payment of EAJA fees and costs if they can demonstrate that their arguments in opposition to the habeas petition were substantially justified in that there was a "reasonable basis in law and fact" for their position. Michel, 68 F.4th at 78 (internal quotation marks omitted). Respondents bear the burden of proof by a preponderance of the evidence to establish that their position was substantially justified. Schock v. United States, 254 F.3d 1, 5 (1st Cir. 2001); see United States v. Yoffe, 775 F.2d 447, 450 (1st Cir. 1985).

As our Circuit has held, to be "substantially justified," it is not necessary for the Respondents' position to be "justified to a high degree"; rather, they meet this standard if their position is "justified in substance or in the main." Saysana, 614 F.3d at 5 (internal quotation marks omitted). Although this determination may be "an issue of considerable conceptual and practical difficulty," at bottom, the Court must examine "the actual merits of the government's litigation position as to both the facts and the law." Id. "[T]he position of a government agency can be substantially justified even if a court ultimately determines the agency's reading of the law was not correct." Aronov v. Napolitano, 562 F.3d 84, 94 (1st Cir. 2009) (en banc). "When the issue is a novel one on which there is little precedent, courts have been reluctant to find the

6

government's position was not substantially justified." Schock, 254 F.3d at 6.  The Court's work requires it to treat the case as an inclusive whole, "rather than as atomized line-items." Saysana, 614 F.3d at 5 (internal quotation marks omitted).

Guided by its Order of January 16, 2026, Nguyen, 2026 WL 125093, which carefully analyzed Respondents' factual and legal positions and rejected them, the Court finds that Respondents have not cleared this burden.  Most importantly, adoption of Respondents' position would have required the Court to ignore what Respondents concede is the controlling precedent, Kong, and to ignore the unanimous application by other district courts in this Circuit of the law as interpreted in Kong to facts undisputedly identical to those in issue in this case.  As the Court's decision points out, Nguyen, 2026 WL 125093, at *3, the only cases supportive of Respondents' position were out-of-circuit district court cases (from the Northern District of Texas that expressly rejected Kong and from the District of Maryland), in contrast to the in-circuit district court case (from Massachusetts) and other out-of-circuit district court cases (from the Eastern and Southern Districts of California, the District of Minnesota, the Western District of Washington and the Eastern District of Texas), which are plentiful (confirming that the question is not a novel one) and squarely contrary to Respondents' position.  Nguyen, 2026 WL 125093, at *3-4 (citing cases).  Further, as Petitioner notes, since this Court issued its decision, the question has been considered two more times in this Circuit; in each decision, citing Kong, Respondents' position in this case was rejected.  Huynh v. Wesling, Civil Action No. 25-CV-13794-AK, 2026 WL 183467, at *6 (D. Mass. Jan. 23, 2026); Tran v. Lyons, Civil Action No. 26-cv-11036-IT, 2026 WL 788242, at *4 (D. Mass. Mar. 20, 2026).

To advocate that this Court should defy controlling precedent is not a position that is "substantially justified" in law.  Nor is Respondents' position substantially justified in fact

7

where, as they concede, at the time the Court granted the petition, Petitioner's travel documents had not even been secured, which they acknowledge "this Court may have found compelling." ECF No. 18 at 15.  Based on the foregoing, the Court finds that Respondents have failed to sustain their burden of demonstrating that the EAJA fees and costs sought by Petitioner should not be awarded because Respondents' position in opposition to the petition was substantially justified in law and/or in fact.

## IV.    Conclusion

Mindful that there is no dispute that Petitioner is the prevailing party and that the fees and costs sought are reasonable and consistent with applicable law, Petitioner's application for EAJA Motion for Attorneys' Fees (ECF No. 14) is GRANTED.  The Court orders that Respondents must pay Petitioner $14,573 in attorney's fees and $5 in costs, for a total amount of **$14,578**.


/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
July 24, 2026